**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HONG KONG UKING TRADING LIMITED,

Plaintiff,

v.

ZHEJIANG HENGFENG TOP LEISURE CO., LTD.,

Defendant.

Case No. 8:26-cv-2635

JURY TRIAL DEMANDED

## COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY

Plaintiff Hong Kong Uking Trading Limited ("Uking") sues Defendant Zhejiang Hengfeng Top Leisure Co., Ltd. ("Hengfeng") for a declaratory judgment of noninfringement and invalidity of United States Patent No. 11,332,178, and alleges as follows:

## NATURE OF THE ACTION

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, for a judgment that Uking does not infringe United States Patent No. 11,332,178 ("the ′178 Patent") and that the claims of the ′178 Patent are invalid.

2. Uking sells a foldable utility wagon through the Amazon.com marketplace. Hengfeng owns the ’178 Patent. Hengfeng used Amazon’s Patent Evaluation Express program, known as APEX, to accuse Uking’s wagon of infringing the ’178 Patent and to force the product off the marketplace. Uking’s wagon does not infringe, and the ’178 Patent is invalid over prior art the Patent Office never properly accounted for. Uking brings this action to establish both and to stop Hengfeng from using a patent it should never have obtained to shut down a lawful competitor.

3. The dispute is immediate. Hengfeng says the wagon infringes; Uking says it does not and that the patent is invalid. The APEX process forces that disagreement to a head within weeks, on pain of Uking losing its listing. The Federal Circuit has held that a patent owner’s resort to APEX creates a justiciable controversy and subjects the patent owner to a declaratory-judgment suit. *See SnapRays, LLC v. Lighting Defense Group, LLC*, 100 F.4th 1371 (Fed. Cir. 2024).

**THE PARTIES**

4. Plaintiff Uking is a limited company organized under the laws of Hong Kong, with a principal place of business at 7-9 Austin Ave, Tsim Sha Tsui, Kowloon Room 63, 7/F, Woon Lee Commercial Building, Hong Kong, Hong

Kong 999077. Uking offers and sells consumer goods to customers throughout the United States, including in this District, through the Amazon.com storefront "UkingDirect."

5. Defendant Hengfeng is a company organized under the laws of the People's Republic of China, with a principal place of business at Building 1#, Loft Power Center, No. 818 Pingshui Street, Hangzhou 310015, Zhejiang, China. Hengfeng is the owner of record of the '178 Patent.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. An actual, substantial, and continuing controversy of sufficient immediacy and reality exists between Uking and Hengfeng concerning the infringement and validity of the '178 Patent. Hengfeng has affirmatively asserted the '178 Patent against Uking by filing an APEX complaint that names Uking's product and demands its removal from Amazon. Uking denies infringement and contends that every claim of the '178 Patent is invalid. Without a declaration, Uking faces the loss of its listing and ongoing

injury to its business. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007).

8. This Court has personal jurisdiction over Hengfeng under Federal Rule of Civil Procedure 4(k)(2). Uking's claims arise under the patent laws of the United States. Hengfeng is not subject to personal jurisdiction in any State's courts of general jurisdiction within the meaning of Rule 4(k)(2), and, to the extent Hengfeng contends otherwise, it bears the burden of identifying a State in which this action could have been brought. Hengfeng's contacts with the United States as a whole are more than enough to support jurisdiction here. Hengfeng sought and obtained a United States patent. It affirmatively invoked the United States Amazon APEX program. It initiated a patent-enforcement proceeding against United States Amazon listings. And it did so to affect the sale of products within the United States, including in this District. Exercising jurisdiction on the basis of those nationwide contacts comports with due process. *See Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403 (Fed. Cir. 2009).

9. Personal jurisdiction is proper for the further reason that Hengfeng reached into this District. Its APEX complaint targeted a listing through which Uking offers and sells the accused wagon to residents of Florida and this District, and Hengfeng invoked a process designed to halt those sales. A patent

owner that uses APEX to shut down accused sales in the forum has purposefully availed itself of that forum. *See SnapRays*, 100 F.4th 1371.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c)(3). Hengfeng does not reside in the United States and may be sued in any judicial district. A substantial part of the events giving rise to Uking's claims, including the threatened removal of sales made to customers in this District, occurred here.

11. Divisional assignment to the Tampa Division is proper under Local Rule 1.04 because a substantial part of the events giving rise to this action occurred within this Division.

## FACTUAL BACKGROUND

### *A. Uking's Wagon*

12. Uking sells a Sekey-brand foldable utility wagon on Amazon.com, including at ASIN B0G6KKQ74R, through the UkingDirect storefront (the "Uking Wagon"). The Uking Wagon is a collapsible four-wheeled cart with a fabric liner and a pull handle, of a common design sold by many manufacturers.

### *B. The '178 Patent*

13. The ’178 Patent, titled “Foldable Wagon,” issued on May 17, 2022, from Application No. 17/024,836, filed September 18, 2020. It claims priority to Chinese Application No. 202020396371.7, filed March 25, 2020. A copy is attached as Exhibit A.

14. The ’178 Patent has 18 claims. Claims 1, 3, and 10 are independent.

15. Each independent claim requires a wagon with a four-sided frame, each side formed by a pair of folding-bar assemblies, and vertical uprights to which the upper outer leg ends of the folding-bar assemblies connect and along which the lower outer leg ends slide.

16. Independent claims 1 and 10 further require “a collapsible bottom support assembly . . . comprising a central hub . . . and four bars . . . , each bar . . . being operatively pivotally connected to the central hub . . . and operatively pivotally connected to a bottom portion of a corresponding vertical upright.” Independent claim 3 instead requires “a pull handle . . . connected to two of the vertical uprights . . . by two connecting members,” with each connecting member pivotally connected at one end near the bottom of an upright and at the other end to the pull handle.

17. The prosecution history shows why those features matter. The examiner rejected the original independent claims as obvious over United States

Design Patent D929,063 S, United States Patent No. 10,399,586 B1, and United States Patent Application Publication 2003/0025301 A1. The applicant secured allowance only by amending the independent claims to add the central-hub-and-four-bar bottom support assembly (claims 1 and 10) and the two-connecting-member handle (claim 3). Those added limitations were the stated reasons for allowance.

### *C. Amazon's APEX Program*

18. Amazon operates the Patent Evaluation Express program, or APEX, to resolve assertions that a product listing infringes a utility patent. A patent owner starts an APEX proceeding by submitting a complaint that identifies one asserted patent claim and the accused listings.

19. After Amazon accepts an APEX complaint, it notifies the accused seller and gives the seller a short, fixed window, roughly three weeks, to respond. The seller may agree to a third-party APEX evaluation in which each side deposits money and a neutral evaluator decides infringement, may resolve the matter with the patent owner, or may file suit. A seller that does nothing has its accused listings removed. Filing an action for a declaratory judgment of noninfringement is one of the responses Amazon recognizes to stop the removal.

20. APEX hands a patent owner a fast and powerful extrajudicial remedy. A single complaint can pull a competing product from the largest retail marketplace in the country without any court ever looking at the patent.

***D. Hengfeng's APEX Complaint Against Uking***

21. On or about August 28, 2026, Hengfeng submitted an APEX complaint to Amazon asserting the ′178 Patent against the Uking Wagon, including ASIN B0G6KKQ74R. Amazon designated it APEX Complaint No. 21574603941 and notified Uking. A copy of Amazon's APEX notice is attached as Exhibit B.

22. Hengfeng's APEX complaint asserts that the Uking Wagon infringes the ′178 Patent and seeks the removal of Uking's listing.

23. Uking denies that the Uking Wagon infringes any claim of the ′178 Patent and contends that every claim of the ′178 Patent is invalid.

24. Hengfeng's APEX complaint has placed Uking under an immediate threat of losing its listing, its sales history, and its search placement on Amazon. That threat is the direct and intended result of Hengfeng's assertion of the ′178 Patent.

**COUNT I**

**Declaratory Judgment of Noninfringement of the ’178 Patent**

25. Uking realleges and incorporates paragraphs 1 through 24 as though fully set forth here.

26. An actual controversy exists concerning whether the Uking Wagon infringes the ’178 Patent.

27. Uking does not infringe and has not infringed any claim of the ’178 Patent, directly or indirectly, literally or under the doctrine of equivalents. The Uking Wagon does not embody every limitation of any claim of the ’178 Patent.

28. By way of example, and subject to Uking’s continuing investigation and the Court’s construction of the claims, the Uking Wagon does not include the “collapsible bottom support assembly . . . comprising a central hub . . . and four bars” required by independent claims 1 and 10, and does not include the “pull handle . . . connected to two of the vertical uprights . . . by two connecting members” required by independent claim 3. Because the Uking Wagon does not meet at least these limitations of each independent claim, it cannot infringe those claims or any claim that depends from them.

29. Uking is entitled to a declaration that it does not infringe any claim of the ’178 Patent.

**COUNT II**

**Declaratory Judgment of Invalidity of the ’178 Patent**

30. Uking realleges and incorporates paragraphs 1 through 24 as though fully set forth here.

31. An actual controversy exists concerning whether the claims of the ’178 Patent are valid.

32. The claims of the ’178 Patent are invalid for failure to satisfy the conditions of patentability under 35 U.S.C. §§ 102 and 103.

33. The claims are anticipated or rendered obvious by prior art that the Patent Office did not properly apply, including:

a. United States Patent No. 10,633,010 B1, which discloses a wagon with fixed vertical uprights, lower slide sleeves that travel down the uprights as the wagon collapses, and a folded height that does not increase;

b. United States Patent Nos. 9,211,897 B2 and 9,073,564 B2, which disclose a central-hub-and-four-bar bottom support assembly, a

pliable liner forming an open-top compartment, and a pull handle joined to two uprights by two connecting members;

c. Chinese Utility Model CN 206406949 U, which discloses a four-sided folding frame with vertical uprights, intermediate sliding seats, and an unchanged folded height; and

d. United States Design Patent D929,063 S, United States Patent No. 10,399,586 B1, and United States Patent Application Publication 2003/0025301 A1, which the examiner applied during prosecution.

34. The very features the applicant added to secure allowance were already known in the art. The central-hub-and-four-bar bottom support of claims 1 and 10 and the two-connecting-member handle of claim 3 are each disclosed by United States Patent Nos. 9,211,897 B2 and 9,073,564 B2. Those references and United States Patent No. 10,633,010 B1 are closely related collapsible-wagon technologies in the same field. A person of ordinary skill in the art working on a collapsible wagon frame would have had reason to combine the fixed-upright, sliding-sleeve frame of United States Patent No. 10,633,010 B1 with the central-hub bottom support and pliable liner of United States Patent Nos. 9,211,897 B2 and 9,073,564 B2. Each of those elements was a known component performing its established function, and

their combination would have yielded no more than the predictable result of a wagon that collapses without increasing in height. *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007).

35. The claims are not entitled to the March 25, 2020 priority date they assert. The Chinese priority application does not provide written-description support for the full scope of the claimed pliable liner and open-top internal compartment. The claims are therefore entitled at earliest to the September 18, 2020 filing date of Application No. 17/024,836, and any reference published in the intervening period is available as prior art against them under 35 U.S.C. §§ 102 and 103.

36. Uking is entitled to a declaration that each claim of the '178 Patent is invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Uking respectfully requests that the Court:

A. Declare that Uking has not infringed and does not infringe any claim of the '178 Patent;

B. Declare that each claim of the '178 Patent is invalid;

C. Enjoin Hengfeng, and all persons acting in concert with it, from asserting the claims of the '178 Patent adjudicated in this action against the Uking Wagon, including ASIN B0G6L1T88X, through

Amazon's APEX program, and order Hengfeng to withdraw and terminate APEX Complaint No. 21574603941;

D. Declare this an exceptional case and award Uking its reasonable attorneys' fees under 35 U.S.C. § 285;

E. Award Uking its costs; and

F. Grant any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

37. Uking demands a trial by jury on all issues so triable.

Dated: September 10, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
LEAD TRIAL COUNSEL
Florida Bar No. 112863
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
Tel: (813) 445-5175
cole@carlsoniplaw.com

Attorney for Plaintiff
Hong Kong Uking Trading Limited